# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Andrew Joseph Haman,

                                  Plaintiff,

v.

Beltrami County, Deputy Jason Riggs,
Deputy Charles Nelson, Deputy Joseph
Kleszyk, Deputy Martin Gack, Deputy
Russell Platz, Deputy Anthony Petrie, and
Beltrami County Sheriff's Office,

                                  Defendants.

Case No. 20-cv-2277 (JRT/HB)

**REPORT AND
RECOMMENDATION**

        This matter is before the Court on Plaintiff Andrew Joseph Haman's Motion to

Remand to State Court and to Compel Defendants to Produce Documents [ECF No. 26]

and Motion for Extension of Time to File Reply Memorandum [ECF No. 38].

Defendants Beltrami County, Deputy Jason Riggs, Deputy Charles Nelson, Deputy

Joseph Kleszyk, Deputy Martin Gack, Deputy Russell Platz, Deputy Anthony Petrie, and

the Beltrami County Sheriff's Office agree the case must be remanded for lack of subject

matter jurisdiction, but ask for an award of costs and expenses incurred in removing this

action from state to federal court.  Defendants did not respond to Plaintiff's motion to

compel discovery or the motion for an extension of time.  For the reasons set forth below,

the Court recommends granting the motion to remand, denying without prejudice the

motion to compel, and denying the motion for an extension.

## I.    Background

Defendants Beltrami County, Deputy Jason Riggs, Deputy Charles Nelson, Deputy Joseph Kleszyk, Deputy Martin Gack, Deputy Anthony Petrie, and the Beltrami County Sheriff's Office removed this case from state court to federal court on November 4, 2020.  (*See* Ntc. Removal [ECF No. 1].)  The complaint attached to the notice of removal alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution.  (Compl. at 1, 3 [ECF No. 1-1].)  The complaint also alleged "negligence" and "loss of business opportunity."[1]  (*Id.* at 1, 2, 3.)

On November 11, 2020, Defendants filed a motion to dismiss [ECF No. 4] on the ground that Plaintiff had not exhausted his state law remedies before bringing his federal constitutional claims under 42 U.S.C. § 1983.  (Defs.' Mem. Supp. Mot. Dismiss at 1 [ECF No. 6].)  Plaintiff requested an extension of time to respond to the motion and to file an amended complaint, which was granted.  [*See* ECF Nos. 21, 22.]  On January 21, 2021, Plaintiff filed an amended complaint [ECF No. 25], a motion to remand [ECF No. 26], and a response to the motion to dismiss [ECF No. 27].  The amended complaint alleged only state law claims of negligence, conversion, and loss of business opportunity. (Am. Compl. at 1, 3.)

Defendants responded to Plaintiff's motion to remand on February 12, 2021, conceding that "[s]tate law is now the exclusive basis for this action and remand is

---

[1] Construing the complaint liberally, as the Court must for all pro se plaintiffs, the Court views the claim for loss of business opportunity as a claim for tortious interference with contract or for interference with prospective economic advantage, which arise under Minnesota state law.  *See Reisdorf v. i3, LLC*, 129 F. Supp. 3d 751, 772 (D. Minn. 2015).

required." (Defs.' Mem. Resp. at 1 [ECF No. 31].) Defendants believe that Plaintiff filed the amended complaint for "no other purpose than to address Defendants' arguments in support of dismissal and destroy this Court's jurisdiction." (*Id.* at 3.) They ask for an award of "just costs and actual expenses incurred because of the removal" in the amount of $918.30. (*Id.* at 1, 5.)

## II.    Plaintiff's Motion to Remand and Defendants' Request for Costs and Expenses

Title 28 U.S.C. § 1447(c) provides in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.*" (Emphasis added.) In quoting the emphasized language, Defendants omit the discretion-bestowing word "may," stating that "an order remanding the case would 'require payment of just costs and any actual expenses.'" (Defs.' Mem. Resp. at 3.)

Discretion is an important component to applying the costs and expenses provision of the statute. The United States Supreme Court has clarified that a court may award costs and expenses under § 1447(c) "only when such an award is just." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 138 (2005). The question in *Martin* was whether the plaintiffs were entitled to costs and expenses as part of their motion to remand to state court, in view of the fact that the defendant had wrongly removed the case from state to federal court. *Id.* at 134–35. *Martin* determined that the relevant standard "turn[s] on the reasonableness of the removal." *Id.* at 141. That is, a court should award costs and

3

expenses "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

Admittedly, the procedural posture of this case differs from *Martin*. Here, Defendants are seeking an award of costs and expenses as a result of Plaintiff's amendment of his complaint to remove all federal claims and his corresponding motion to remand. There is no question that Defendants properly removed the original complaint from state to federal court. Bu that procedural distinction does not bar the applicability of the *Martin* reasonableness standard. *See Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) (stating "we see no party-based limitation in § 1447(c) on a district court's discretion to award fees and costs" and considering whether to award fees to the defendant for the plaintiff's failure to alert the court that the amount in controversy was less than $75,000); *Davis v. Simmons*, No. 13-CV-92-LRR, 2014 WL 3698002, at *10 (N.D. Iowa July 24, 2014) (explaining that "if a plaintiff's conduct that caused the defendant to improperly remove the case was objectively unreasonable, the court may award fees to the defendant upon a motion to remand").

Defendants suggest that Plaintiff was objectively unreasonable because he dropped his federal constitutional claims after Defendants spent time and money removing the case to federal court. The Court does not agree that this conduct is *per se* unreasonable. Plaintiffs may amend their complaints after a case is removed for a number of legitimate reasons; their motivation is not necessarily nefarious. Here, it is highly likely that Plaintiff decided he should delete his federal constitutional claims after reviewing the merits of Defendants' motion to dismiss, which is a common, permissible,

4

and generally reasonable litigation strategy.

Defendants next suggest that Plaintiff was objectively unreasonable because his original complaint "made no reference to any state law violations." (Defs.' Mem. Resp. at 1; *see also* Defs.' Mem. Resp. at 4 ("Plaintiff replaced all his claims (which were all federal claims) with state law claims, even though he alleged no state law claims at the outset.").) That is simply not true. Plaintiff's original complaint alleged "negligence" and "loss of business opportunity" in several places. Thus, even if Plaintiff had not amended his complaint and the Court had reached the merits of Defendants' motion to dismiss—which sought dismissal of only the federal constitutional claims—either this case would have gone forward on the state law claims or, more likely, the Court would have declined to exercise supplemental jurisdiction on the negligence and loss of business opportunity claims. This would have placed the parties in the same place as the motion to remand: back in state court. Thus, the filing of an amended complaint and a motion to remand was not objectively unreasonable.

A final consideration in the Court's exercise of its discretion is Plaintiff's pro se and incarcerated status. In exercising its discretion, the Court may "consider whether unusual circumstances warrant a departure from the rule in a given case." *Martin*, 546 U.S. at 141. Although the Court did not make an *in forma pauperis* determination (since the case was removed by Defendants), in the Court's experience an award of $918.30 would be an extreme hardship to someone in Plaintiff's position. Defendants have not identified a case in which a court required a pro se prisoner to pay fees and expenses under § 1447(c), and the Court finds the present circumstances do not warrant it here.

5

Accordingly, the Court recommends that this case be remanded to state court for lack of subject matter jurisdiction pursuant to § 1447(c).  In addition, the Court finds an award of costs and expenses would not be just, and recommends that the case be remanded with each side bearing its own costs and expenses.

## III.    Plaintiff's Motion to Compel and Motion for an Extension of Time

Plaintiff asks the Court to compel Defendants to produce various videos and photographs.  (Pl.'s Mot. Remand & Compel at 1–2.)  Because the Court does not have subject matter jurisdiction over this matter, it should deny Plaintiff's motion to compel discovery.  The motion should be denied without prejudice so that Plaintiff can later re-file it in state court if he so chooses, in accordance with state court rules governing discovery and motion practice.

Finally, Plaintiff has filed a motion for an extension of time to "at least November 20, 2021," by which to file a response to Defendants' request for costs and fees.  (Pl.'s Mot. Extension at 4.)  Plaintiff's grounds for seeking an extension—lack of access to a law library and transfer to a "boot camp" to prepare for his release—are sound.  But the Court recommends that the motion for an extension be denied for the simple reason that in view of the Court's recommendation above, a response from Plaintiff to Defendant's request for costs and fees is not needed.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff Andrew Joseph Haman's Motion to Remand to State Court and to Compel Defendants to Produce Documents [ECF No. 26] be **GRANTED** as to

remand and **DENIED WITHOUT PREJUDICE** as to compelling the production

of documents;

2. This case be **REMANDED** to the District Court of the State of Minnesota,

County of Beltrami, for lack of subject matter jurisdiction;

3. Plaintiff's Motion for Extension of Time to File Reply Memorandum [ECF No.

38] be **DENIED**; and

4. No costs or expenses be awarded to either side.

Dated:  April 8, 2021                  *s/ Hildy Bowbeer*
                                       HILDY BOWBEER
                                       United States Magistrate Judge

## NOTICE

Filing Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).